# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DAVID MICHAEL MONTGOMERY,   *

Petitioner                  *

v                           *       Civil Action No. ELH-18-601

ACTING WARDEN LAURA ARMSTEAD, *
and THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND           *

Respondents[1]              *
                          ***

## MEMORANDUM

David Michael Montgomery, who is self represented, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his Maryland convictions in 2013 for second-degree murder and armed robbery after he pleaded guilty in the Circuit Court for Carroll County, Maryland. ECF 1. He later supplemented the Petition (ECF 9), at the Court's direction. ECF 3. I shall refer to ECF 1 and ECF 9 collectively as the "Petition."

Respondents filed a Limited Answer seeking to dismiss the Petition as time-barred. ECF 22. Montgomery was provided an opportunity to explain why the Petition should not be dismissed as time-barred (ECF 24), and he filed a Reply. ECF 31.[2]

---

[1] Montgomery was incarcerated at Patuxent Institution when he filed the Petition, but he has since been transferred to Roxbury Correctional Institution in Westover, Maryland, http://www.dpscs.state.md.us/inmate/search.do?searchType=detail&id=122843131 (last visited April 5, 2019). The proper respondent in a habeas corpus action is the petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004) (stating "the proper respondent is the warden of the facility where the prisoner is being held"). Therefore, I shall direct the Clerk to substitute the Warden, Roxbury Correctional Institution, as Respondent, in lieu of Acting Warden Laura Armstead at Patuxent Institution.

[2] Montgomery also submitted numerous filings not relevant to the issue of timeliness. *See, e.g.*, ECF 26 (discussing the facts of his offenses); ECF 27 (asking for probation or a tracking device instead of imprisonment and stating he was drunk and high on drugs when he committed the offenses); ECF 28 (requesting drug treatment); ECF 29 at 3 (requesting a hearing); ECF 29

Montgomery also has filed a Motion for Drug and Mental Health Evaluation (ECF 55), Motion to Appoint Counsel (ECF 56, 61), Motion to Grant a Suspended Sentence (ECF 57), Motion to Grant a Tracking Device and House Arrest (ECF 58), Motion to Grant Probation Having Back Up Time (ECF 59); Motion for a Hearing (ECF 60), Motion for Probation (ECF 92), Motion for Tracking Device (ECF 93), Motion to Suspend Sentence (ECF 94), and Motion for Drug and Mental Health Evaluation (ECF 95).

After considering the pleadings, exhibits, and applicable law, I find a hearing is unnecessary to resolve the issues. *See* Local Rule 105.6 (D. Md. 2018); Rule 8, *Rules Governing Section 2254 Proceedings in the United States District Courts*; *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (stating a petitioner is not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, I will deny Petitioner's motions and dismiss the Petition as time-barred.

I. **PENDING MOTIONS**

An inmate in custody pursuant to a state judgment may file a § 2254 Petition "on the ground that he is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254. Montgomery has filed several self-styled motions in this § 2254 proceeding, asking the court to order substance and mental health treatment, and to suspend his sentence, put him under "house arrest" with a tracking device, or place him on probation consequent to his entry and completion of treatment. ECF 55, 57, 58, 59, 92, 93, 95. None allege or pertain to a violation of a

---

(requesting drug treatment); ECF 32 (requesting drug and mental health treatment); ECF 35 (requesting drug treatment); ECF 35 (asking to be transferred out of Patuxent Institution).

constitutional or state law.[3] These motions are not appropriate for consideration pending threshold examination of the timeliness issue or appropriate for review in a federal habeas proceeding under § 2254. To the extent Montgomery may be requesting mandamus relief, federal district courts have no mandamus jurisdiction over State employees such as the Respondents. *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also Moye v. Clerk, DeKalb Cnty. Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (noting federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner). Montgomery's motions are considered below.

### A. Motion for Drug and Mental Health Treatment

Montgomery asks the court to order a "drug and mental health" evaluation and treatment under Md. Code, Health General Article §§ 8-505, 8-507. ECF 55; ECF 95. Section 8-505(a)(1) of the Health–General Article of the Maryland Code provides:

> . . . the court may order the [Department of Health] to evaluate a defendant to determine whether, by reason of drug and alcohol abuse, the defendant is in need of and may benefit from treatment[.]

Md. Code, Health-General § 8-507(a) provides, in part:

---

[3] Montgomery inundated the Circuit Court of Maryland for Carroll County with self-styled pro se motions and correspondence during his criminal proceedings and after his conviction. ECF 22-1 at 26-55. Among these filings were Montgomery's unsuccessful pro se requests, following his conviction, seeking drug and mental health evaluation and treatment. *See*, *e.g*., ECF 21-1 at 26, 29, 30, 35, 37, 39 (requesting placement at Patuxent Institution), 45, 46, 50. At Montgomery's post-conviction hearing, the circuit court denied Montgomery's motion for a drug and mental health evaluation. ECF 22-1 at 34; *see also* ECF 22-1 at 51 (order denying request for drug evaluation). Insofar as Montgomery may be asking review of these Circuit Court's determinations in this § 2254 proceeding " . . . it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

> If a court finds in a criminal case that a defendant has an alcohol or drug dependency, the court may commit the defendant as a condition of release, after conviction, or at any other time the defendant voluntarily agrees to treatment to the Department for inpatient, residential, or outpatient treatment.

Under this section, whether a defendant is committed to treatment is within the discretion of the judge. *Id.* The relief Montgomery is requesting is not available by way of a federal habeas petition. The motions (ECF 55; ECF 95) will be denied, for the reasons stated above.

### B. Motions to Grant a Suspended Sentence

Montgomery asks in two separate motions for a suspended sentence so that he can enter "a drug treatment program under #8-505 and #8-507." ECF 57; ECF 95. These motions will be denied, for the reasons discussed above.

### C. Motions for Use of a Tracking Device

Montgomery asks to be ordered to use a tracking device, presumably in lieu of incarceration. He asks the Court to place him under "house arrest" with a tracking device. ECF 58. In a second Motion, he asks for a tracking device, drug and mental health treatment, and a suspended sentence, claiming that he does not pose a flight risk. ECF 93. For the reasons discussed above, both motions (ECF 58; ECF 93) will be denied.

### D. Motions for Probation

Montgomery filed two motions for probation. The first asks for "probation having back up time." ECF 59. The second asks the Court to grant him probation with mental health and drug treatment, and suspended sentence. ECF 92. The motions (ECF 59; ECF 92) will be denied.

### E. Motions for Appointment of Counsel

There is no Sixth Amendment right to counsel to pursue a petition for habeas relief. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). A court, however, may provide counsel for an

4

indigent inmate pursuing a petition for habeas corpus if "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Rule 8(c) of the Rules Governing § 2254 Proceedings for the United States District Courts provides that a court must appoint counsel "[i]f an evidentiary hearing is required." 28 U.S.C. 2254.

Montgomery asserts he is indigent, an attorney will help him secure "the relief he is seeking," (ECF 56), and appointed counsel will help him fully present his claims. ECF 61. Montgomery's generally stated assertions do not suggest extraordinary circumstances. *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). And, a hearing is unnecessary. Accordingly, Montgomery's Motions for Appointment of Counsel (ECF 56, 61) will be denied.

### F. Motion Requesting a Hearing

In this Motion, Montgomery asks for a hearing to have all his "problems" addressed. ECF 60. Having reviewed the Petition, as supplemented, Respondents' Answer, and Montgomery's Reply and other supplements, I find that an evidentiary hearing is not warranted. *See* Rule 8(a) of the Rules Governing § 2254 Proceedings for the United States District Courts. The Motion (ECF 60) will be denied.

## II. PETITION

### A. Procedural History

Montgomery pleaded guilty to second-degree murder and armed robbery and was sentenced to a thirty-year term of imprisonment on December 30, 2013. *See State v Montgomery*, Case No. 06-K-13-043713 (Carroll Cnty. Cir. Ct.); ECF 22-1 at 22-23.[4] As Montgomery did not

---

[4] The citations reflect the pagination assigned by the court's electronic docketing system.

file an application for leave to appeal his judgment of conviction became final on January 29, 2014, when the time for filing an application for leave to appeal expired. *See* Md. Rule 8-204 (application for leave to appeal to be filed within thirty days of judgment).

On January 16, 2014, Montgomery's sentence was amended to credit him for time served. *Id*. at 26-27. Then, on February 7, 2014, Montgomery filed a Petition for Post-Conviction Relief in the Circuit Court for Carroll County, Maryland. *Id.* at 28. On April 21, 2014, he filed a Motion to Dismiss the Petition, which was granted, without prejudice, by the Circuit Court on June 20, 2014. *Id*. at 31, 33-34.[5]

On August 19, 2015, Montgomery filed a pleading that was treated as a post-conviction petition. *Id.* at 38. The Circuit Court held a post-conviction hearing on June 1, 2016, and denied relief on June 13, 2017. *Id*. at 44-45, 51. On July 3, 2017, Montgomery filed an Application for Leave to Appeal from the denial of post-conviction relief, which was stricken by the Circuit Court on September 6, 2017. *Id.* at 51, 52.

Montgomery filed his forty-page Petition on February 23, 2018.[6]

---

[5] Montgomery also filed several untimely Motions to Reopen or for Modification. *See, e.g.,* ECF 22-1 at 25, filed October 23, 2014; ECF 22-1 at 37, filed May 8, 2015; ECF 22-1 at 37, filed June 18, 2015. Maryland Rule 4-345(e) provides that a Motion for Modification must be filed within 90 days after imposition of sentence.

[6] The Petition is signed and dated February 26, 2018. ECF 1 at 39, 40. Montgomery derives no benefit from the "prison mailbox rule." *See Houston v. Lack*, 487 U.S. 266, 270-76 (1988); *United States v. McNeill*, 523 Fed. Appx. 979, 983 (4th Cir. 2013); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

**B. Discussion**

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 549 (2011). Under § 2254(d)(1), the one-year limitation period runs from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The latest date relevant here to start the running of the one-year period running is when direct review of the state conviction is completed or when the time for seeking direct review has expired, *see* 28 U.S.C.A. § 2244(d)(1)(A), because the circumstances enumerated by the statute to start the clock running at a later date do not apply. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

Further, the running of the one-year period may be statutorily tolled. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

"[T]he one-year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing

7

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a petitioner must establish either that some wrongful conduct by the State contributed to the delay in filing his federal habeas petition, or that extraordinary circumstances beyond his control or external to his own conduct prevented him from filing on time. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (stating that equitable tolling requires a showing that the petitioner "has been pursuing his rights diligently, and ... that some extraordinary circumstance stood in his way"). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Respondents argue that the Petition is time-barred because it was not filed within the one-year limitations period. Accordingly, the timeliness of the Petition must be resolved before the merits of the Petition may be considered.

Under the facts discussed above, Montgomery's judgment of conviction became final on January 29, 2014, when the time for filing an application for leave to appeal expired. *See* Md. Rule 8-204 (application for leave to appeal to be filed within thirty days of judgment). Montgomery had no proceedings pending in State court to toll the limitations period between the time his first post-conviction petition was dismissed without prejudice on June 20, 2014, and when he filed the second post-conviction petition on August 19, 2015, a period of over one year (14 months).

Further, after the Application for Leave to Appeal from the denial of post-conviction relief was stricken on September 6, 2017, until Montgomery filed this Petition on February 23, 2018 — a period of five months — he had not properly filed applications for State post-conviction or other collateral review to toll the running of the limitations period. ECF 22-1; Answer, ECF 22 at 4, ¶6. When Montgomery filed his Petition on February 23, 2018, a total of seventeen months had passed beyond the deadline. Thus, the Petition is untimely unless it is subject to an exception or to equitable tolling.

In his Reply, Montgomery asserts that he "tried to have his attorney go forward with his "appeal" but counsel refused to do so. ECF 31 at 1. In support, Montgomery attached a letter dated June 15, 2017, from his post-conviction counsel, an attorney in the Office of the Public Defender, explaining that if Montgomery wanted to appeal the denial of the Post-Conviction Petition, he must file an Application for Leave to Appeal. Counsel informed Montgomery that he would not be filing an Application for Leave to Appeal on his behalf. However, counsel explained instead what steps Montgomery must take to file the application on his own. ECF 31 at 7.

At the time Montgomery filed his second State post-conviction petition, fourteen months had passed since the one-year period had commenced running. Further, Montgomery identifies no wrongful conduct by Respondents that prevented him from filing a timely federal habeas Petition. Montgomery's pro se status and lack of knowledge of the law are not extraordinary circumstances. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (applying 28 U.S.C. § 2255); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (Internal quotations omitted); *Smith v. McGinnis*, 208 F.3d 13, 18 (2nd Cir. 2000)

(*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (ignorance of the law is not a rare and exceptional circumstance that warrants equitable tolling).[7] Moreover, he provides no evidence of wrongful conduct by Respondents that caused his delay in filing or that circumstances beyond his control caused the delay.

For these reasons, I find no grounds to apply equitable tolling. Therefore, I will dismiss this case as time-barred under 28 U.S.C. § 2244(d).

### C. Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, as here, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one). The denial of a certificate of appealability does not preclude Montgomery from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission.

---

[7] Montgomery's frequent pro se filings in this case and in his State criminal proceeding contradict the suggestion of efforts to thwart his filings in State or federal court.

Because Montgomery has not made a substantial showing of the denial of his constitutional rights, I will not grant a Certificate of Appealability.

III. CONCLUSION

For the reasons set forth above, Montgomery's motions for drug and mental health evaluation (ECF 55; ECF 95), motions to appoint counsel (ECF 56; ECF 61), motions to suspend sentence (ECF 57; ECF 94), motions to grant a tracking device (ECF 58; ECF 93), motions for probation (ECF 59; ECF 92); and motion for a hearing (ECF 60) ARE DENIED. The Petition IS DISMISSED as untimely under 28 U.S.C. § 2244(d). A Certificate of Appealability shall not issue.

A separate Order shall follow.

April 9, 2019  /s/
Date  Ellen L. Hollander
 United States District Judge